# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1376 | **DATE** | 5/10/2012 |
| **CASE TITLE** | United States of America ex rel. Roberto Mata (R41813) vs. Warden Mike Achison | | |

**DOCKET ENTRY TEXT**

Petitioner's motion to stay these proceedings (Dkt. No. 3) is taken under advisement. Respondent's response and accompanying state court materials is due twenty-eight days from the entry of this order. Petitioner's reply is due twenty-one days after respondent submits his response. Respondent should not answer the habeas corpus petition at this time. The Court will rule by mail and set additional dates if necessary.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

    Pro se petitioner Roberto Mata, a prisoner at the Menard Correctional Center, has brought a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 2002 murder conviction in the Circuit Court of Cook County. The Court has received his five dollar filing fee. (Dkt. No. 13). The present petition raises two ineffective assistance of counsel claims, (Dkt. No. 1 at 10-32); *see generally Strickland v. Washington*, 466 U.S. 668 (1984), and a sufficiency of the evidence claim. (Dkt. No. 1 at 33-47); *see generally Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970).

    Petitioner also has a pending motion to stay these proceedings pending the resolution of his successive state postconviction proceeding. (Dkt. No. 3). He explains that he failed to exhaust his sufficiency of the evidence claim through his state direct appeal, or first postconviction proceeding, and so he filed a presently pending successive postconviction proceeding in February 2012. (Dkt. No. 1 at 4; Dkt. No. 4).

    A petitioner may not proceed with an mixed petition containing both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)); *see also* 28 U.S.C. § 2254(b)(1) (instructing that a district court may not grant habeas corpus relief on unexhausted claims). Prior to the passage of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there was no statute of limitations for habeas corpus petitions. Pre-AEDPA, a district court would dismiss a mixed petition without prejudice and instruct the prisoner to return to state court, exhaust his petition, and then return to federal court with the fully exhausted petition. *Rhines*, 544 U.S. at 274 (citing *Rose*, 455 U.S. at 522). Alternatively, a prisoner could abandon his unexhausted claims and proceed solely with exhausted claims. *Rhines*, 544 U.S. at 278 (citing *Rose*, 455 U.S. at 520).

    The passage of the one-year statute of limitations in the AEDPA complicated the issue. The

**STATEMENT**

"interplay between the AEDPA's one-year statute of limitations and [*Rose v.*] *Lundy's* dismissal requirement" for mixed petitions results in the possibility that "petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines*, 544 U.S. at 275. The solution to this potential problem is a federal court may stay a mix petition and hold the case in abeyance until the prisoner has exhausted his state court remedies. *Id*. A petitioner, however, is not automatically entitled to a stay, but must show "good cause" for a failure to raise claims in the state court in the first instance, the unexhausted claims are not "plainly meritless," and he has not engaged in intentional dilatory litigation tactics. *Id*. at 277-78; *see also Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008); *Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006); *Dolis v. Chambers*, 454 F.3d 721, 724-25 (7th Cir. 2006). Any stay must also have reasonable time limits to insure a prisoner's timely return to federal court upon completing the exhaustion of his state court remedies. *Rhines*, 544 U.S. at 278 (citing *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2002)).

     As a stay undermines the State's interest in the finality of petitioner's conviction as protected by the AEDPA's one-year statute of limitations, *Rhines*, 544 U.S. at 276, the Court shall give respondent an opportunity to respond to petitioner's present motion for a stay. Respondent is also instructed to provide all appropriate state court documents including a current copy of the docket sheet from the pending proceedings in the Circuit Court of Cook County, state court opinions and briefs, and any other relevant materials so that the record is complete on the stay question.