# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1376 | **DATE** | July 17, 2012 |
| **CASE TITLE** | United States of America ex rel. Roberto Mata (R41813) vs. Michael P. Atchison, Warden | | |

**DOCKET ENTRY TEXT**

Petitioner's motion to stay these proceedings (Dkt. No. 3), is granted. The case is stayed until the completion of petitioner second state postconviction proceedings including an appeal to the Supreme Court of Illinois. The parties are instructed to submit a written report detailing the status of petitioner's state court proceedings on or before January 21, 2013. The Clerk is instructed to correct respondent's name on the caption to Michael P. Atchison, Warden, Menard Correctional Center. The Attorney General of the State of Illinois is dismissed as a respondent because petitioner is not in her custody. *Rumsfeld v. Padilla*, 542 U.S. 426, 425 (2004).

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se petitioner Roberto Mata, a prisoner at the Menard Correctional Center, has brought a habeas corpus petition pursuant to 28 U.S.C. § 2254. He is serving a life sentence for murder from the Circuit Court of Cook County. (Dkt. No. 20-2 at 1). Petitioner has a pending motion to stay these habeas corpus proceedings so that he can pursue a presently pending second postconviction petition in the Illinois courts. (Dkt. No. 3). The motion is granted.

Petitioner's conviction arises from a shooting on March 16, 2002. (Dkt. No. 20-2 at 1). The State's theory was that the victims had a fight with petitioner's friend. (*Id*. at 1-2). Petitioner's friend called out for help and petitioner responded by shooting the victims. (*Id*. at 2). The State's evidence was that the original fight had ended, and the victims were attempting to retreat when petitioner shot them. (*Id*.) Petitioner argued that he was acting in self-defense, or alternatively, that he had an unreasonable belief that deadly force was necessary to protect his friends. (*Id*.).

Petitioner's present federal habeas corpus petition raises claims of: (1) ineffective assistance of trial and appellate counsel regarding counsel's failure to litigate a motion to suppress his statements to the police; and, (2) ineffective assistance of counsel for failing to investigate a eyewitness, William Rivera. The Rivera ineffective assistance claim is at issue in the present stay motion.

Petitioner believes that Rivera had helpful testimony in support of his self-defense and mitigation arguments, and his attorneys were ineffective for failing to locate Rivera and bring him to trial. Petitioner has not fully exhausted this claim in the Illinois courts. It was not presented on direct appeal or his first postconviction proceeding — petitioner is presently exhausting the claim, along with a claim that he was not proven guilty beyond a reasonable doubt due to the mitigation issue, in a second state postconviction petition.

**STATEMENT**

(Dkt. No. 20-3 at 28-42). The state trial court denied petitioner's second postconviction petition on June 15, 2012. (Dkt. No. 20-3 at 102).

Petitioner is required to present all federal habeas corpus claims (including the Rivera ineffective assistance of counsel claim) to the Illinois state courts including in a petition for leave to appeal to the Supreme Court of Illinois. *Bland v. Hardy*, 672 F.3d 445, 449 (7th Cir. 2012) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999)). Petitioner requests a stay of these proceedings until he has completed his exhaustion efforts in the Illinois courts.

A petitioner seeking a stay is not automatically entitled to that relief, but must show "good cause" for the failure to raise the claim in the state court in the first instance, the unexhausted claim is not "plainly meritless," and he has not engaged in intentional dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *see also Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008); *Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006); *Dolis v. Chambers*, 454 F.3d 721, 724-25 (7th Cir. 2006). The decision whether to stay the present federal habeas corpus case is a question of the proper exercise of the Court's discretion. *Rhines*, 544 U.S. at 276 (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

Respondent argues that the stay request should be denied because the petitioner's claim is plainly meritless. (Dkt. No. 21). He characterizes petitioner's claim as alleging that the state failed to disprove the existence of sudden provocation as a mitigating factor. (*Id*. at 2). A state's failure to disprove mitigation does not raise a question of federal law, and so petitioner argues that there is need to stay these proceedings to allow petitioner to exhaust that plainly meritless non-cognizable claim. (*Id*. at 2 (citing *Patterson v. New York*, 432 U.S. 197, 210 (1977)).

But, respondent does not address petitioner's claim of ineffective assistance of counsel as to William Rivera. The Court's understands petitioner to be raising an ineffective assistance of counsel claim and that is is certainly cognizable on federal habeas corpus review. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1404-06 (2011); *Harrington v. Richter*, 131 S. Ct. 770, 788-89 (2011); *Strickland v. Washington*, 466 U.S. 668 (1984). There is significant discussion of self-defense and mitigation in petitioner's federal and state filings, but the Court understands petitioner's discussion to be within the context of the ineffective assistance of counsel claim.

The Court recognizes that petitioner is raising the claim in a second state postconviction petition. This raises the specter of a procedural default defense. But, petitioner asserts that he was unable to raise the ineffective assistance of counsel claim regarding Rivera in a prior state court proceeding because of ineffective assistance of counsel on direct and postconviction review. That is a possible cause and prejudice argument to excuse any possible procedural default defense. *Maples v. Thomas*, 132 S. Ct. 912 (2012); *Coleman v. Thompson*, 501 U.S. 722 (1991). Thus, the Court cannot conclude that petitioner's unexhausted claim is plainly meritless due to a procedural default defense. Petitioner must be given an opportunity to exhaust the Rivera ineffective assistance of counsel claim in the state courts.

Finally, the Court holds that it is appropriate to stay the present federal habeas corpus case while petitioner exhausts in state court. Although the Court has the option of dismissing the present habeas corpus petition without prejudice because of the presently unexhausted claim, *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004), the Court concludes that a stay is the appropriate resolution.

By dismissing the petition, it would be as if the petition was never filed for statute of limitations purposes thus raising statute of limitations concerns. *Lee v. Cook County, Ill.*, 635 F.3d 969, 971-72 (7th Cir.

**STATEMENT**

2011); *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002). Petitioner is entitled to tolling of the federal one-year statute of limitations when there is a pending properly filed application for state postconviction or collateral proceeding in the state courts. 28 U.S.C. § 2244(d)(2); *Wall v. Kholi*, 131 S. Ct. 1278 (2011). But, there is a risk in the instant case that the present state second postconviction proceeding may not toll under § 2244(d)(2) because the Illinois courts may not view the petition as an authorized second postconviction petition under Illinois law. 725 ILCS 5/122-1(f). (Illinois law limits a prisoner to one state postconviction petition except in limited circumstances). If the petition is not properly authorized under Illinois law, then it would not toll the federal statute of limitations under § 2244(d)(2). *Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009). Thus, petitioner must return to state court to exhaust his ineffective assistance of counsel claim, but there is reasonable uncertainty as to whether this effort will be deemed to be proper under Illinois law, and in turn, whether it will toll the federal statute of limitations. A protective stay is required in this type of situation to insure that petitioner's efforts to exhaust do not inadvertently result in making his federal habeas corpus petition untimely. *Rhines*, 544 U.S. at 277; *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Dolis*, 454 F.3d 721, 724-25 (7th Cir. 2006).